In the matter of the propounding for probate of two paper writings, one purporting to be the last will and testament of JOSEPH L. LEWIS, deceased, late of Hoboken, and the other a codicil thereto.

On the application of the executors of a will, offered by them for probate, orders were given, from time to time, to pay them moneys to carry on the litigation as to whether the will should be admitted to probate, with certain claimants of the estate.—*Held*, that an account of their expenditures in such litigation would not be· preliminarily ordered merely at the request of certain persons claiming to be heirs or next of kin of the testator, but whose legitimacy was denied ; there being no question as to the solvency of the executors, nor any suggestion that they had abused their discretion in regard to such expenditures.

Motion for an order that proponents account for money paid to them by the administrator *pendente lite*, under the order of the court.

*Mr. B. Williamson*, for the motion.

*Mr. R. Gilchrist*, contra.

THE ORDINARY.

In the outset of the litigation which arose on the propounding for probate of the papers purporting to be the last will and testament of Joseph L. Lewis, deceased, and a codicil thereto, an administrator *pendente lite* was appointed. It appeared proper to the ordinary to make, during the course of the litigation, orders, from time to time, for the payment by him to the proponents, who are the executors named in the will, of moneys which they represented were necessary in order to conduct the litigation. All of these orders were made on terms that the proponents were to account for the money received by them thereunder, they being bound to take the responsibility (in the absence of any discretion of the court) of their payments. It is quite apparent that it must be competent for the court to take such action in providing the means of conducting a litigation on the part of executors as proponents of a will, for the executors may be, and usually are, without such interest in the controversy as to call upon or induce them to expend their own money in the litigation upon the will. To deny such allowance would, in some cases, be to compel an abandonment of the will without a trial. The litigation in this case assumed large proportions, and was probably more expensive than such cases are ordinarily, because of a false and fraudulent claim made, through a criminal conspiracy, by one who claimed to be the widow of the testator. Application is now made, on behalf of some of the persons claiming to be next of kin to the testator, for an account of the expenditure of those moneys. It

is not suggested that the executors are not pecuniarily responsible, but, on the other hand, it is stated, and not denied, that they are each of large pecuniary ability. Nor is it suggested that any necessity of the estate demands it. The estate is said to be very large, and a very large amount of property will pass under the residuary gift. The testator does not, as the case stands, appear to have had any lawful relations. Though he had relations, yet it is alleged, and, so far as the proof on the subject goes in the cause, it appears, that they were not legitimate. Although the contestants, in whose behalf this application is made, claim as relations, they have not undertaken to show that they are of legitimate kinship, while it has been denied, on the part of the proponents, and insisted on as a fact proved in the cause, that the testator had no legitimate kindred at all. The will and codicil will be admitted to probate, and letters testamentary granted to the proponents. The whole estate will go into their hands, and they will be required to account in due course of law.

It is suggested that the court itself may desire that an account of the expenditures of the proponents in the litigation be rendered. The suggestion is entitled to respect, and, if it appeared that there had been any abuse of their trust, on the part of the proponents, an account would at once be required, but inasmuch as none is alleged, and there does not appear to be any reason for requiring the account at this stage of the proceedings, the motion will be denied, but without costs.